UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| ALLIED ENERGY SERVICES, LLC, | : | CASE NO. 20-61244-jwc |
| | : | |
| Debtor | : | |
| | : | |
| JORDAN E. LUBIN,<br>as Chapter 7 Trustee, | : | ADVERSARY PROCEEDING<br>NO. _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| RICHARD G. CHOSID ESQ. P.A., and<br>THE SAVOY GROUP, LLC | : | |
| | : | |
| Defendant | : | |

**COMPLAINT TO (1) AVOID AND SET ASIDE TRANSFERS,
(2) RECOVER PROPERTY OR ITS VALUE FOR THE BENEFIT OF THE ESTATE,
AND (3) GRANT RELATED RELIEF**

COMES NOW Jordan E. Lubin, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Allied Energy Services, LLC ("Debtor"), by and through undersigned counsel, and files this "Complaint to (1) Avoid and Set Aside Transfers, (2) Recover Property or its Value for the Benefit of the Estate, and (3) Grant Related Relief" (the "Complaint"), respectfully showing as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (H), and (O), and Trustee consents to entry of final orders or judgments by this Court.

3. Defendant Richard G. Chosid Esq., P.A. ("Chosid") is a Florida professional association that is subject to the jurisdiction of this Court and may be served through its principal Richard G. Chosid at 3110 NE 48th Street, Lighthouse Point, FL 33064-7142 and 5550 Glades Road, Boca Raton, FL 33431-7205.

4. Defendant The Savoy Group, LLC ("Savoy') is a Florida limited liability company that is subject to the jurisdiction of this Court and may be served through its registered agent Law Office of Richard G. Chosid, Esq. P.A. at 5550 Glades Road, Boca Raton, FL 33431-7205.

5. Venue is proper in this Court under 28 U.S.C. §1409 because this adversary proceeding arises under the Chapter 7 bankruptcy case of Allied Energy Services, LLC pending in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, Case No. 20-61244-jwc.

## Appointment of Trustee

6. This case was commenced by the filing of an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") against Debtor on January 22, 2020.

7. The Court entered an Order for Relief (the "Order for Relief") on February 20, 2020 granting the involuntary petition and declaring Debtor a Chapter 7 debtor.

8. Trustee was appointed as the interim Chapter 7 trustee in this case on February 24, 2020.

9. The meeting of creditors was concluded on September 24, 2020. Trustee is the duly appointed trustee in this case pursuant to 11 U.S.C. § 702(d).

## Background

10. Debtor, by and through its Chief Executive Officer, President, and Managing Member, Clarence Dean Alford ("Dean Alford"), engaged in a scheme to fraudulently induce parties to invest in Debtor through the purchase of investment notes (the "Notes"). Each party that invested in good faith in Debtor through the purchase of Notes is hereinafter referred to as a "Note Holder."

11. Debtor, by and through Dean Alford, induced Note Holders to purchase Notes from Debtor by, among other acts, (i) by misrepresenting and exaggerating Debtor's experience and expertise in developing various energy projects, (ii) misrepresenting Debtor's financial condition, and (iii) providing financial statements that falsely conveyed the impression that they had been prepared or reviewed by certified public accountants.

12. The financial statements provided by Debtor to induce Note Holders to purchase Notes from Debtor included a "Balance Sheet as of 12/31/18" reflecting total assets of approximately $162 million (including $5 million in cash) and an "Income Statement" reflecting "total gross revenues" of approximately $33.8 million in 2016, $36.2 million in 2017, and $40.5 million in 2018.

13. As of December 31, 2018, Debtor's assets were less than $1 million and gross receipts had declined to $434,342.

14. Debtor, by and through Dean Alford, knew the financial statements were false and that Debtor was financially struggling, forcing staffing and resource cuts as early as 2014.

15. Debtor, by and through Dean Alford, misrepresented that funds invested by Note Holders for the purchase of Notes would be kept in escrow and held in a no-risk escrow account

3

until Georgia Power awarded Debtor a specific project, and further that the bid fees would enable Debtor to pay interest to Note Holders as promised under the Notes.

16. All funds invested by Note Holders for the purchase of Notes were commingled in Debtor's accounts and not placed in an escrow account. No funds invested by Note Holders were deposited into an escrow account.

17. Debtor, by and through Dean Alford, knowingly used Debtor's funds, including funds invested from the sale of Notes, to pay Dean Alford's personal expenses and other payments unrelated to Debtor's business or operations including, without limitation, the construction costs associated with a multi-million dollar home. Debtor received no benefits from the use of the funds to pay Dean Alford's personal expenses and other payments unrelated to Debtor's business or operations.

18. On July 30, 2020, the Securities and Exchange Commission (the "SEC") filed a complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, against Dean Alford alleging, among other things, that as Chief Executive Officer, President, and Managing Member of Debtor, Dean Alford defrauded over 100 investors, including the Note Holders.

19. On April 2, 2021, the District Court entered Final Judgment against Dean Alford and ordered disgorgement of amounts improperly received from the conduct alleged above.

**Transfers to Richard G. Chosid Esq., P.A.**

20. Between March 13, 2018 and March 19, 2018, or thereabouts, Debtor paid or transferred to Chosid by wire transfer from Debtor's account(s) to account(s) owned and controlled by Chosid a total of $325,000.00 as set forth below (the "Transfers"):

| Date | Amount |
|---|---|
| 03/13/2018 | $100,000.00 |
| 03/14/2018 | $50,000.00 |
| 03/16/2018 | $150,000.00 |
| 03/19/2018 | $25,000.00 |

21. The Transfers were in furtherance of a scheme to defraud creditors and Note Holders and were made with the actual intent to hinder, delay, or defraud creditors and Note Holders.

22. Chosid is the Vice Chairman of Savoy and, upon information and belief, a member, officer, and manager of Savoy.

23. Chosid either acted on his own account or as a conduit on behalf of Savoy.

24. The Transfers represented commissions for funds paid by investors who were fraudulent induced to purchase notes in Debtor.

25. Chosid and Savoy (collectively, "Defendants") knew or should have known that the Transfers from Debtor represented proceeds of a fraudulent scheme and were made with the intent to hinder, delay or defraud creditors and Note Holders.

**Count I**
**Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §544(b)(1)**

26. Trustee incorporates the allegations of Paragraphs 1 through 25 of the Complaint as though set forth fully herein.

27. To the extent the recovery in this Count may be inconsistent with or duplicative of any other Count, it is to be treated as being pleaded in the alternative to the extent of the inconsistency or duplication.

28. The involuntary petition commencing this case was filed January 22, 2020 (the "Petition Date").

29. The Transfers occurred within four years of the Petition Date.

30. The Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor to which Debtor was or became indebted on or after the date that the Transfers were made.

31. The Transfers were transfers of an interest of Debtor in property within the meaning of Sections 101(54) and 544(a) of the Bankruptcy Code.

32. Debtor received less than reasonably equivalent value, or did not receive fair consideration, in exchange for the Transfers.

33. Debtor was insolvent at the time of each of the Transfers and/or was rendered insolvent as a result of the Transfers in that Debtor's liabilities exceeded its assets; or Debtor was engaged in business or a transaction for which any property remaining with Debtor was an unreasonably small capital at the time of or as a result of each of the Transfers; or Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured at the time of each of the Transfers.

34. When the Transfers were made, there have been one or more creditors who have held and still hold matured or unmatured unsecured claims against Debtor, including Note Holders and numerous consumers with state law fraud claims and federal security fraud claims. These claims against Debtor were and are allowable under Section 502 of the Bankruptcy Code or were and are not allowable only under Section 502(e) of the Bankruptcy Code.

35. The Transfers are voidable pursuant to O.C.G.A. § 18-2-74(a)(1) and (2).

36. Pursuant to 11 U.S.C. § 544(b)(1), Trustee has the standing, power, and authority to avoid the Transfers under O.C.G.A. § 18-2-74(a)(1) and (2).

## Count II
## Avoidance and Recovery of Transfers Pursuant to 11 U.S.C. §548

37. Trustee incorporates the allegations of Paragraphs 1 through 36 of the Complaint as though set forth fully herein.

38. To the extent the recovery in this Count may be inconsistent with or duplicative of any other Count, it is to be treated as being pleaded in the alternative to the extent of the inconsistency or duplication.

39. The Transfers occurred within two years of the Petition Date.

40. The Transfers were made with actual intent to hinder, delay, or defraud creditors of Debtor to which Debtor was or became indebted on or after the date that the Transfers were made.

41. The Transfers were transfers of an interest of Debtor in property within the meaning of Sections 101(54) and 548(a) of the Bankruptcy Code.

42. Debtor received less than reasonably equivalent value, or did not receive fair consideration, in exchange for the Transfers.

43. Debtor was insolvent at the time of each of the Transfers and/or was rendered insolvent as a result of the Transfers in that Debtor's liabilities exceeded its assets; or Debtor was engaged in business or a transaction for which any property remaining with Debtor was an unreasonably small capital at the time of or as a result of each of the Transfers; or Debtor intended to incur, or believed that it would incur, debts beyond its ability to pay as such debts matured at the time of each of the Transfers.

44. The Transfers are voidable pursuant to Section 548(a)(1)(A) and (B).

## Count III
### Recovery of Transfers Pursuant to 11 U.S.C. §550

45. Trustee incorporates the allegations of Paragraphs 1 through 44 of the Complaint as though set forth fully herein.

46. Chosid is the initial transferee of the Transfers. To the extent Chosid received the Transfers as a conduit of Savoy, Savoy is the initial transferee of the Transfers.

47. Accordingly, pursuant to 11 U.S.C. § 550 Trustee is entitled to recover from either Chosid or Savoy, as initial transferee, the Transfers, or their value to the extent the Transfers are avoided.

WHEREFORE, Trustee respectfully requests that the Court enter judgment in favor of the Trustee and against Defendants as follows:

(a) declaring that the Transfers constitute avoidable fraudulent transfers pursuant to O.C.G.A. § 18-2-74(a)(1) and (2);

(b) declaring that the Two-Year Transfers constitute avoidable fraudulent transfers pursuant to Section 548(a) of the Bankruptcy Code;

(c) preserving the Transfers for the benefit of Debtor's estate pursuant to Section 551 of the Bankruptcy Code;

(d) avoiding the Transfers and directing and ordering that Chosid, as initial transferee, return to Trustee, pursuant to Sections 544, 548, and 550 of the Bankruptcy Code and O.C.G.A. §§ 18-2-77 and 18-2-78, the full value of the Transfers, and awarding judgment against Chosid in an amount equal to the avoided Transfers;

(e) avoiding the Transfers and directing and ordering that Savoy, to the extent Chosid was acting as a conduit for Savoy, return to Trustee, pursuant to Sections 544, 548, and 550 of the Bankruptcy Code and O.C.G.A. §§ 18-2-77 and 18-2-78, the full value of the Transfers, and

awarding judgment against Savoy, to the extent Chosid was acting as a conduit for Savoy, in an amount equal to the avoided Transfers;

(f) granting to Trustee such other and further or alternative relief as may be just and proper, including costs.

Dated: February 18, 2022

                                                LAMBERTH, CIFELLI,
                                                ELLIS & NASON, P.A.
                                                *Counsel for Trustee*

                                                By: */s/ G. Frank Nason, IV*
                                                        G. Frank Nason, IV
                                                        Georgia Bar No. 535160
                                                        fnason@lcenlaw.com

6000 Lake Forrest Drive, NW
Suite 435
Atlanta, Georgia 30328
(404) 262-7373
(404) 262-9911 (facsimile)

9